In re the MARRIAGE OF Ronnie L. STEWARD, Petitioner, and Christina M. Steward, Respondent.

Christina M. STEWARD, Appellant,

v.

Ronnie L. STEWARD, John V. Steward, Delores Steward, Appellees.

No. 82A04–8604–CV–121.

Court of Appeals of Indiana, Fourth District.

Nov. 19, 1986.

Order Published Dec. 16, 1986.

**586**

Kenneth Collier-Magar, Legal Services Organization of Indiana, Inc., Evansville, for appellant.

James W. Ethridge, Jr., Legal Aid Society of Evansville, Inc., Evansville, for appellees.

YOUNG, Judge.

Christina M. Steward appeals a trial court judgment ordering her daughter to remain in the custody of the child's paternal grandparents. She raises only one issue on appeal:

> Did the trial court abuse its discretion in permitting the grandparents to retain custody of the child absent a showing that Christina was unfit, acquiesced in, or voluntarily relinquished custody to them?

We reverse and remand for further proceedings consistent with this opinion.

In February of 1983, Ronnie Steward filed a petition for dissolution of his marriage to Christina Steward. The court awarded custody of the couple's daughter, Tonia, to Ronnie, subject to the condition that he continue to reside with his father and stepmother, John and Delores Steward. The court ordered both Christina and Ronnie to successfully complete parenting classes.

In 1984, Ronnie was incarcerated in connection with a theft conviction and petitioned the court to transfer his custodial rights to the child's grandparents, John and Delores. Christina objected and, after hearing testimony, the court awarded the grandparents temporary custody of Tonia.

In March of 1985, having completed her parenting classes, Christina filed a petition to modify, seeking to gain custody of Tonia. After hearing evidence, the court determined that Christina had not demonstrated substantial and continuing change since the 1984 transfer of custody to the grandparents and therefore allowed the grandparents to retain custody. Christina appeals.

On review, we will not disturb a custody determination unless the trial court abused its discretion. *In re Marriage of Simmons* (1985), Ind.App., 487 N.E.2d 450, 453. We therefore cannot reverse unless the trial court's determination is clearly erroneous and contrary to the logic and effect of the evidence before it. *In re Custody of McGuire* (1985), Ind.App., 487 N.E.2d 457, 460.

Christina contends the trial court erred in allowing the grandparents to retain custody without overcoming the presumption in favor of the parent. The grandparents contend that under IND.CODE 31-1-11.5-22(d) [1] Christina had the burden of proving that substantial and continuing change had occurred between the time the grandparents were awarded temporary custody and the time of the present action. Section "22(d) [however] can logically be construed as applying to changing custody when there has been a previous determination of permanent, not temporary custody." *Lovko v. Lovko* (1978), 179 Ind.App. 1, 384 N.E.2d 166, 172. Christina's burden under

---

1. IC 31-1-11.5-22(d) provides:
   The court in determining said child custody, shall make a modification thereof only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. In making its determination, the court shall not hear evidence on matters occurring prior to the last custody proceeding between the parties unless such matters relate to a change of circumstances.

section 22(d) therefore applied to the prior permanent order awarding custody to Ronnie and not to the temporary order in favor of the grandparents.

■ We conclude that Christina met the burden of showing that a substantial and continuing change made the permanent award of custody to Ronnie unreasonable. The evidence most favorable to the judgment reveals that in 1984 Ronnie was incarcerated. He could no longer fulfill the condition of living with his parents, and petitioned the court to transfer the custody of Tonia to his parents. Even after his release from jail, he made no attempt to reobtain custody of Tonia. He testified at trial that he did not want custody of Tonia, and that he wanted his parents to have custody. He has not completed the parenting classes, as ordered, and juvenile probation officer Baker reported she would no longer recommend that he have custody of Tonia. (R. 180–181) Thus, Christina met her burden under section 22(d) of showing substantial and continuing change making the permanent order unreasonable.

■ As between the grandparents and the parent, it is presumed that it is in the child's best interest to be placed in the parent's custody. *McGuire, supra* at 460; *Hendrickson v. Binkley* (1974), 161 Ind. App. 388, 316 N.E.2d 376, 380; *cert. denied* 423 U.S. 868, 96 S.Ct. 131, 46 N.E.2d 98. The presumption protects the parent's right to be free from unwarranted interference by third parties into the parent's fundamental relationship with the child. *Simmons, supra* at 454. A nonparent therefore bears the burden of demonstrating, by clear and cogent evidence, that the parent is unfit or has acquiesced in or voluntarily relinquished custody to the nonparent for such a long period of time that "the affections of the child and the third party have become so interwoven that to sever them would seriously mar and endanger the future happiness of the child." *McGuire, supra* at 460 (*quoting Hendrickson, supra* 316 N.E.2d at 380).

"Even when a parent initiates an action to reobtain custody of a child that has been in the custody of another, the burden of proof does not shift to the parent." *McGuire, supra* at 460–461. "Rather, the burden of proof is always on the third party." *Id.* at 461 (*citing Hyatte v. Lopez* (1977), 174 Ind.App. 149, 366 N.E.2d 676).

We conclude the grandparents failed to meet their strenuous burden of proof. It is undisputed that Christina never relinquished custody or acquiesced in the custody orders. She sought custody at the time of the original decree, she petitioned for modification on more than one occasion, and she objected when the court awarded temporary custody to the grandparents.

In addition, Christina was not found by the trial court to be unfit. She completed the parenting classes, and her instructor, Ms. Lotfalian, testified she appeared interested and knew quite a bit about the needs of children. Lotfalian and Baker, the juvenile probation officer, both testified that Christina is a capable parent and that they had no reservations about reuniting her with Tonia. Baker also testified that Christina had made a real effort to become a capable parent.

The grandparents argued that several facts have a bearing on Christina's fitness: the stairs to her apartment are steep; she is unemployed and receives money through the Aid for Dependent Children program; and there is an allegation that her ex-boyfriend, Tony, may have molested Tonia. Steep stairs and poor finances are clearly insufficient to prove unfitness. Moreover, the record indicates Christina was applying to beauty college with plans to become a beautician.

The evidence most favorable to the judgment regarding the allegation of child molesting indicates Tonia's grandparents heard Tonia say, "Stop, Tony stop" in her sleep. The results of a polygraph taken by Tony were inconclusive: he did not pass, yet he did not fail. This is insufficient to show Christina's unfitness as a parent. Her fitness must be judged on the basis of her own acts and not the alleged acts of a third party. The record indicates Christina initiated and cooperated in the investigation, and she took protective measures to keep any further incidents from occurring. We therefore conclude the grandparents failed to show Christina is unfit to raise Tonia.

We are sensitive to the fact that Tonia has been living with her grandparents for over three years of her four-year life. The record reveals the grandparents have a loving relationship with Tonia, and have provided a good home for her. As was stated in *Hendrickson,* however:

> If the 'best interest rule' was the only standard needed without anything else, to deprive the natural parent of custody of his own child, then what is to keep the government or third parties from passing judgment with little, if any, care for the rights of the natural parents. In other words, a child might be taken away from the natural parent and given to a third party simply by showing that a third party could provide the better things in life for the child and therefore the 'best interest' of the child would be satisfied by being placed with a third party.

316 N.E.2d at 381. The grandparents failed to overcome the presumption that it is in Tonia's best interest to be placed with Christina. The trial court therefore erred in not granting Christina custody of Tonia. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

CONOVER, P.J., and MILLER, J., concurs.