**In re the Marriage of David A. ABELL, Appellant–Respondent,**

v.

**Paula Sue ABELL, Appellee–Petitioner.**

**No. 40A01–9303–CV–81 [1].**

Court of Appeals of Indiana, First District.

Feb. 2, 1994.

---

1. This case was diverted to this office on January 5, 1994, by direction of the Chief Judge.

Michael L. Rogers, Rogers & Dove, North Vernon, for appellant-respondent.

Julia Ann Caudill, Columbus, for appellee-petitioner.

BAKER, Judge.

Today we decide whether a custody order in a dissolution decree may be temporary. Appellant-respondent David A. Abell challenges the trial court's grant of primary custody of his daughter to appellee-petitioner Paula Sue Abell.

### FACTS

The Abells' marriage was dissolved on October 7, 1992. In the dissolution decree, the trial court stated:

> [T]hat said minor child should be placed in the joint custody of the parties and that judgment should be withheld until further order of the Court as to which parent should have the primary care and control of said minor child. That while said determination is under advisement the minor child of the parties should be with the husband....
>
> That until the Court makes said determination either party may ask for a review of this finding upon request by pleading filed by that party's attorney wherein the burden of review shall remain the best interest of the child.

Record at 35–36. On November 6, 1992, Paula filed a "motion for review of finding of joint custody of minor child." Record at 39. On November 13, 1992, David filed a motion for a change of judge which was ultimately denied. Following a hearing on Paula's motion, the trial court continued joint custody of the child but granted Paula primary custody.

### DISCUSSION AND DECISION [2]

Contrary to the court's language, David maintains that the initial custody order was a final decision giving him primary custody of the child. Thus, he argues that Paula's request was a motion for custody modification; and therefore, the trial court erred 1) by denying his change of judge motion, and 2) by applying the best interest of the child standard rather than the substantial change of circumstances standard. The outcome of these issues depends upon whether the trial court's initial custody order was temporary or final. Certainly the trial court believed its initial custody order was temporary.

We considered an argument similar to David's in *Lovko v. Lovko* (1979), 179 Ind. App. 1, 384 N.E.2d 166. In *Lovko,* the dissolution decree awarded the father temporary custody of the parties' four children pursuant to a settlement agreement. Thereafter, the father sought review to obtain final custody. After a hearing, the trial court granted the father primary custody of the eldest child but changed primary custody of the other three children to the mother.

On appeal, the father maintained that the trial court improperly treated the custody hearing as an initial custody determination rather than a modification and thus applied an incorrect burden of proof. We recognized that temporary orders terminate when the final dissolution decree is entered. *See id.* 384 N.E.2d at 171 (citing IND.CODE 31–1–11.5–7(e), now IND.CODE 31–1–11.5–7(f)). This statutory provision supports the father's contention that the temporary custody award became final when the dissolution decree was entered. However, we held that because IND.CODE 31–1–11.5–10(a) (1979) encourages settlement agreements, the Lovkos' settlement agreement providing for temporary custody was a peculiar circumstance justifying the continuance of the temporary custody order after the entry of the dissolution decree. *Lovko,* 384 N.E.2d at 172.

---

2. Oral argument was heard on this matter on January 25, 1994.

Because the peculiar circumstance of a settlement agreement is not present in this case, the *Lovko* exception is not applicable.[3] Upon the entry of the dissolution decree, the order granting David temporary custody terminated and became a final custody order. *See* I.C. 31–1–11.5–7(f).

We conclude that Paula's petition to change custody constituted a request for modification. Consequently, the trial court erred in denying David's timely motion for change of judge under Ind.Trial Rule 76(C)(1). *See Taylor v. Chaffin* (1990), Ind. App., 558 N.E.2d 879, 881 (party in post-dissolution proceedings entitled to a change of judge upon timely request); *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749, 756–57 (grant of motion for a change of judge was correct in modification of visitation proceedings).[4]

Regarding David's second issue concerning the proper standard, we note that both parties acknowledge that a custody modification is governed by the substantial change in circumstances standard. *See* IND.CODE 31–1–11.5–22(d).

We reverse and vacate the custody order granting Paula primary custody of the child. We remand with instructions for the trial court to grant David's motion for change of judge.

ROBERTSON and GARRARD, JJ., concur.

---

**3.** One other Indiana case citing *Lovko* considered a temporary custody order. *See In re Marriage of Steward* (1986), Ind.App., 507 N.E.2d 585. However, *Steward* involved temporary custody by a nonparent where final custody had already been granted; thus, it is not applicable here.

**4.** Under the 1992 amendments of T.R. 75(B), a party is entitled to only one change from the judge in connection with petitions to modify a dissolution decree, regardless of the number of new petitions filed.